GEORGE A. WHITNEY & al. versus JOHN P. BROWN & al.

Where an action is entered at the proper term, and the defendant appears by his attorney, and enters his appearance upon the docket, the court cannot take away the defendant's right to costs, by ordering a mis-entry on the motion of the plaintiff.

EXCEPTIONS, from the District Court.

*Herbert*, for plaintiffs.

*Wiswell*, for defendants.

TENNEY, J. — " When the plaintiff in any stage of the cause shall become nonsuit, or discontinue his suit, the defendant shall recover his costs." R. S. chap. 115, § 56. This statute is similar to that of 1784, chap. 28, § 9. In the case of *Gilbreth* v. *Brown & al.* 15 Mass. 178, where the writ having been legally served, the action entered and continued several terms, the plaintiff could not proceed in the action, on account of the omission of the sheriff to return the writ, and moved for permission to withdraw the action from the docket, which was granted. The Court held, that by the statute of Massachusetts, the defendant was entitled to his costs on a discontinuance of the suit; nor was it, in their opinion, within the discretion of the Court to disallow a motion to that effect. They further held, that the withdrawal of the

action from the docket was a discontinuance within the true meaning of the statute; that if the plaintiff, after entering his action, refuses to prosecute it, and this appears on record, it will amount to a discontinuance, according to the intendment of the statute.

In *Reynolds* v. *Plummer & al.* 19 Maine, 22, the action was brought in the wrong county, and upon motion of the plaintiff, the Court ordered the writ to abate, and allowed the defendant his costs; and the Court say, it would be against all precedent, as well as the manifest justice of the case, to permit the plaintiff in that stage of the case, to avoid the payment of costs, to move to discontinue his own writ.

In the case referred to in the county of Washington, not reported, it appears that an action was entered on the second day of the term, when the writ was indorsed, and that a previous entry, made before the writ was indorsed, was allowed to be withdrawn. It does not appear, that any costs were claimed, or that any appearance was entered for the defendant.

The action in this case was entered at the time when the statute requires it should have been done, and before any motion was presented in behalf of the plaintiff, the defendants appeared by their attorney, who entered his name upon the docket. The Court on motion could allow a discontinuance, or order the writ to abate for want of an indorser on the plaintiff's motion, but could not take away the right of the defendants thereupon, to have their costs according to the provision of the statute.

*Exceptions sustained, and*
*cost allowed to the defendants.*